**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **GIOVANNI MONTALVO** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **CHICAGO LAMP BUILDERS INC. and** | ) |
| **FRANCISCO GARCIA individually,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff, Giovanni Montalvo, by and through his attorneys, Becerra Law Group, LLC,

for his Complaint against Chicago Lamp Buiders Inc. and Francisco Garcia, individually (herein

"Defendants"), state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*

("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Employee

Classification Act, 820 ILCS 185/1 *et seq.* ("ECA"), and the Illinois Wage Payment and Collection

Act, 820 ILCS 115/2 *et seq*. ("IWPCA") for Defendants' failure to pay earned wages and overtime

wages to Plaintiffs.

2.      Plaintiff worked in excess of 40 hours per week but was not paid overtime wages

at the rate of one and a half times his regular rate of pay for all time worked in excess of 40 hours

per week.

3.      Plaintiff has not been paid owed wages.

1

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C.

§1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's

state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this judicial district as the facts and events giving rise to

Plaintiff's claims occurred in this judicial district.

## THE PARTIES

6.     Plaintiff Giovanni Montalvo resides and is domiciled in this judicial district.

7.     Plaintiff Giovanni Montalvo is a former employee of Defendants who was

employed by Defendants in this judicial district.  During the course of his employment, Plaintiff

Giovanni Montalvo handled goods that moved in interstate commerce.

8.      Defendant Chicago Lamp Builders Inc. (hereinafter "Builders"), is an Illinois

corporation doing business within this judicial district. Defendant Builders is an "enterprise" as

defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in

commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A),

29 U.S.C. § 203(s)(1)(A).

9.     Defendant Builders was Plaintiff's "employer" as that term is defined by the FLSA,

29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3, and the ECA, 820 ILCS 185/5.

10.     Defendant Francisco Garcia is employee/ agent of Builders and is involved in the

day-to-day business operation of Builders.  Among other things, Defendant Francisco Garcia has

the authority to hire and fire employees, the authority to classify employees, the authority to direct

and supervise the work of employees, and he has the authority to participate in decisions regarding

employee compensation.

11.     Defendant Francisco Garcia was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3, the IWPCA, 820 ILCS, 115/2, and the ECA, 820 ILCS 185/5.

## FACTUAL ALLEGATIONS

12.     Builders operates a construction company that installs siding on homes and buildings in the Northern District of Illinois.

13.     Plaintiff was a laborer who was employed by Defendants to perform construction work in the Northern District of Illinois.

14.     Defendants managed Plaintiff's work, including the number of hours he worked and the locations where Plaintiff performed work.

15.     Defendants dictated, controlled, and ratified the wages earned and hours worked and all related employee compensation policies.

16.     Defendants paid Plaintiffs $15.00 per hour.

17.     At all times, Defendants maintained direct supervisory authority over Plaintiff.

18.     Defendants provided all of the materials Plaintiff used to perform his work.

19.     Defendants did not ask Plaintiff to provide Workman's Compensation Insurance.

20.     Plaintiff worked exclusively for Defendants from June 2019 to November 9, 2019.

21.     Defendants did not pay taxes for the wages Plaintiff earned to the United States and the State of Illinois that were required for employees and not required for independent contractors.

22.     Defendants failed to pay Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in a single work week in violation of

the FLSA, the IMWL, and the ECA.

23.     Plaintiff worked 62 hours and was paid $930.00 on June 25, 2019 for the preceding 7 day pay period.

24.     Plaintiff worked 43 hours was paid $645.00 on June 6, 2019 for the preceding 7 day pay period.

25.     Defendant Francisco Garcia was the on-site manager.  He directed Plaintiff and other employees and distributed their pay checks from Builders.

26.     Defendants failed to pay Plaintiff for the final 5 weeks he worked for them.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

27.     Plaintiff hereby realleges and incorporates paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

28.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for Defendants' failure to pay overtime wages to Plaintiffs.

29.     Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

30.     Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

31.     During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

32.     Plaintiff was not an independent contractor.

33.     Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week in certain work weeks.

34.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess

4

of 40 hours, he is entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

35.    Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

36.    Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

37.    Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

38.    Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt employees overtime wages for hours worked in excess of 40 hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.    A judgment in the amount of one and one-half times Plaintiff's regular rate for all time each Plaintiff worked in excess of 40 hours per week;

B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.    Reasonable attorney fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law - Overtime Wages

39.    Plaintiff hereby reallege and incorporate paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

40.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

41.    The matters set forth in this Count arise from Defendants' violation of the overtime

compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs brings this action pursuant to 820 ILCS 105/12(a).

42.     At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

43.     During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

44.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff is entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

45.     Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

46.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

47.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

B.      Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      Reasonable attorney fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Unpaid Wages

48.     Plaintiff hereby realleges and incorporates paragraphs 1 through 47 of this Complaint, as if fully set forth herein.

49.     This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiff wages for 5 weeks.

50.     During the course of his employment with Defendants, Plaintiff was not compensated for all time worked.

51.     Plaintiff was entitled to be paid at least the Illinois minimum wage rate for all time worked.

52.     Defendants' failure to pay Plaintiff all time worked violated the minimum wage provisions of the IMWL.

53.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages plus punitive damages.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of all wages due;

B.      Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      Reasonable attorney fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Fair Labor Standards Act – Unpaid Wages

54.     Plaintiff hereby realleges and incorporates paragraphs 1 through 53 as though set

forth herein.

55.     This Count arises from Defendants violation of the FLSA for their failure to pay Plaintiff wages for his last 5 weeks of work.

56.     During the course of Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff for all time worked.

57.     Plaintiff was entitled to be paid at least the federal minimum wage for all time worked.

58.     Defendants' failure to pay Plaintiff his wages violated the minimum wage hour provisions of the FLSA.

59.     Defendants willfully violated the FLSA by refusing to pay Plaintiff his earned wages for all hours worked.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of all wages due;

B.      Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

C.      Reasonable attorney fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

**COUNT V**
**Violation of the Employee Classification Act – Employee Misclassification**

60.     Plaintiff hereby realleges and incorporates paragraphs 1 through 59 of this Complaint, as if fully set forth herein.

61.     This count arises from Defendants' violation of the ECA, 820 ILCS 185/1 *et seq.* for their failure to properly classify Plaintiff as an "employee" and their failure to pay Plaintiff his

earned wages as required by the IMWL and the IWPCA.

62.     During the course of his employment with Defendants, Plaintiff was Defendants' "employee" as defined by the ECA, 820 ILCS 185/10.

63.     During Plaintiffs' employment, Defendants controlled and supervised Plaintiff's work, provided materials, and controlled Plaintiff's work schedule.

64.     Plaintiff performed work that was inside the normal course of services provided by Defendants' business.

65.     Pursuant to 820 ILCS 185/60, Plaintiff is entitled to recover unpaid wages for the three years prior to the filing of this suit, plus liquidated damages and additional compensatory damages.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of all back wages due under the IMWL and IWPCA as set forth more fully in this Complaint;

B.     Liquidated damages as provided for by the ECA, 820 ILCS 185/60(a)(1), in an amount equal to the amount of unpaid wages as provided by the IMWL;

C.     Compensatory damages as provided for by the ECA, 820 ILCS 185/60(a)(2);

D.     Statutory damages in an amount of up to $500 for each violation of the ECA, 820 ILCS 185/60(a)(2);

E.     Reasonable attorney fees and costs of this action; and

F.     Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  August 14, 2020             **GIOVANNI MONTALVO**


By:  /s/Carlos G. Becerra
     One of Plaintiff's Attorneys


CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams, Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
Email: cbecerra@law-rb.com